IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

            Plaintiff,

v.

STELIO KALKOUNOS,

            Defendant.

ORDER

24-cr-49-jdp

---

On September 26, 2025, the court held a telephonic hearing on defendant's emergency motion for a furlough to visit his ailing father in the hospital. Dkt. 105. The prognosis is uncertain, and defendant's family has been told "to expect the worst." *Id.* at 2. Defendant was represented by Attorney Catherine White and Assistant United States Attorney Taylor Kraus represented the government. Also present was proposed third-party custodian Kevin Ollendick and USPO Ryan Plender. Magistrate Judge Boor granted the motion, imposing some additional conditions. Dkt. 106.

The government appealed, and the court held a further telephonic hearing with Judge Peterson presiding, with attorneys Kraus and White appearing.

For reasons explained at the second hearing, the court affirmed Magistrate Judge Boor's order, with an additional clarification of the conditions. Accordingly, the motion for furlough is GRANTED with the following conditions:

1. The furlough will be limited to a maximum of 10 hours, starting on Monday, September 29, 2025, at 7:00 a.m.;

2. The purpose of the furlough is to provide an opportunity for defendant to meet with his father for up to an hour, and once that opportunity has been provided, defendant

and the custodian shall return to the jail;

3. GPS monitoring is required, to be applied at the jail;

4. Defendant will be released to the custody of the third-party custodian, retired IRS Special Agent Ollendick, who took the custodian oath during the first hearing, and defendant shall be with custodian at all times;

5. Defendant will travel from the jail to the hospital directly, without stops, except for emergencies;

6. Defendant's visit is limited to his father's hospital room and public areas between the hospital entrance and the hospital room;

7. Defendant may spend time with other immediate family members, but he shall have no contact with any minors;

8. Defendant is prohibited from using electronic devices, even those within third-party control, which means that defendant may not be present while others are using electronic devices; and

9. Upon his return to jail, defendant shall undergo alcohol and drug testing.

SO ORDERED.

Entered September 26, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
Chief District Judge