IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No.  24-cr-49-jdp

STELIO KALKOUNOS,

Defendant.

## PLEA AGREEMENT

1.      This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 4 of the fourth superseding indictment. This count charges a violation of Title 18, United States Code, Section 2252(a)(2).  Because the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), this charge carries mandatory minimum penalties of 15 years in prison and five years of supervised release, and a maximum penalties of 40 years in prison, a $250,000 fine, a period of supervised release for life, a $100 special assessment, an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014 unless the defendant is found to be indigent, up to a $35,000 special assessment pursuant to 18 U.S.C. § 2259A, registration as a sex offender under the Sex Offender and Notification Act, and the entry of an appropriate restitution order.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.      **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. In addition, if the defendant is a naturalized United States citizen, under certain circumstances, denaturalization of United States citizenship may also be a consequence of pleading guilty to a crime. Removal, other immigration consequences, and denaturalization are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status, or, where applicable, United States naturalized citizenship. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal, other immigration consequences, or denaturalization that could result from his plea, even if the consequence is automatic removal from the United States.

5.      **STIPULATION REGARDING OTHER CRIMINAL CONDUCT:** Pursuant to USSG § 1B1.2(c) and Title 18 of the United States Code, Sections 3663(a)(1)(A) and 3663(a)(3), the defendant stipulates, for purposes of sentencing and restitution, that he committed the conduct described in Counts 1-3 and 5-6 of the fourth superseding indictment.

6.      **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of including any issues with respect to the calculation of the advisory sentencing guideline range, or the reasonableness of the sentence imposed, and restitution.

7.      **AGREEMENT ON SENTENCE:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentencing range of at least 180 months in prison and no more than 240 months in prison, is the appropriate disposition of this case. Other than this limitation, the parties are free to argue for any sentence. The parties understand that if the Court accepts this plea agreement, the Court will be bound by the recommendation to sentence the defendant within that range. If the Court rejects the plea agreement, the defendant may withdraw his plea.

8.      **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

With respect to Count 4 of the fourth superseding indictment, the defendant used TextNow to communicate with a minor, identified in the indictment as Jane Doe.

TextNow is an application that allows users to exchange calls and texts through the internet, and as such, is a facility of interstate commerce.

Records obtained from TextNow show the following: Defendant and Jane Doe began communicating on July 16, 2023. That day, Jane Doe told Defendant she was 18 years old. The next day, on July 17, 2023, Jane Doe texted the defendant that she was 17 years old and that her birthday was in October. In fact, Jane Doe was 16 years old at this time.

These records also show that on September 12, 2023, Jane Doe sent the defendant an image that depicted her naked and with her legs spread, exhibiting her bare vagina. The focus of the picture is her exposed genitalia. In response, the defendant texted Jane Doe "you look incredible." Jane Doe was 16 years old at this time.

Jane Doe sent the image file to the defendant from her residence located in Fitchburg, Wisconsin. Fitchburg is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

9.    **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the fourth superseding indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

10.    **CONDUCT IN THE EASTERN DISTRICT OF WISCONSIN:** The United States agrees that this guilty plea will resolve any possible federal criminal violations in the Eastern District of Wisconsin related to the sex trafficking of a minor referred to as Jane Doe 2, and conduct involving Jane Doe 2 that took place in Racine County between April 2022 and August 2023. Pursuant to USSG § 1B1.2(c) and Title 18 of the United States Code, Sections 3663(a)(1)(A) and 3663(a)(3), the defendant stipulates, for purposes of sentencing and restitution, that he committed this conduct.

11.    **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts of the fourth superseding indictment and all preceding indictments at sentencing.

12.    ACCEPTANCE OF RESPONSIBILITY: The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility.

13.    PLEA DEADLINE: This plea offer will automatically be withdrawn unless the defendant signs this agreement and returns it to the government on or before April 14, 2026.

14.    RESTITUTION:  The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The defendant agrees that restitution in this case is governed by 18 U.S.C. § 2259, which provides for not less than $3,000 per victim. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

15.    FINANCIAL STATEMENT: The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

16.    FORFEITURE: The defendant agrees that he is the sole owner of all seized property, namely a Samsung Galaxy 21, seized from the defendant during his arrest. The defendant agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure of that property. Defendant admits that the seized property is subject to forfeiture because it facilitated the offense. Nonetheless,

4

the government agrees to return the Samsung Galaxy 21 to the defendant or his designee within 30 days of the conclusion of this case.

17. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

18. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

19. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case and that any prior plea offers have been rescinded.

CHADWICK M. ELGERSMA
United States Attorney
Western District of Wisconsin

April 15, 2026

Date

By: MEGAN STELLJES
Digitally signed by MEGAN STELLJES
Date: 2026.04.15 11:54:42 -05'00'

MEGAN STELLJES
Assistant United States Attorney

April 15, 2026

Date

BRAD D. SCHIMEL
First Assistant United States Attorney
Eastern District of Wisconsin

4/14/26

Date

DONNA ROTUNNO
Attorney for the Defendant

5

4/14/26

Date

STELIO KALKOUNOS
Defendant

## ACKNOWLEDGEMENTS

I, Stelio Kalkounos, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

4/14/26

Date

STELIO KALKOUNOS
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/14/26

Date

DONNA ROTUNNO
Attorney for Defendant